```
               IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

United States of America,        :

    Plaintiff,               :

  v.                               :     Case No. 2:05-cr-0105(4)

Fuad K. Alhawawreh,              :     JUDGE SARGUS

    Defendant.               :

## DETENTION ORDER

    On April 21, 2005, the Grand Jury indicted the above defendant on charges of conspiracy to commit interstate transportation of stolen property.  After his arrest, he appeared for a detention hearing.  Initially, he declined to be interviewed by Pretrial Services.  Subsequently, he retained counsel and was interviewed with the assistance of an interpreter.  A detention hearing has been held and several memoranda have been filed on behalf of the defendant arguing in favor of his release, which the United States opposes.  For the following reasons, the Court declines to grant conditions of release to this defendant.

    The United States does not argue that the defendant is a danger to the community as that phrase is used in the Bail Reform Act, 18 U.S.C. §§3141 *et seq*.  It bases its request for detention on risk of flight.  The following legal standard applies.

    Under 18 U.S.C. §3142(f), a detention hearing may be held in a case involving, <u>inter alia,</u> a serious risk that the person to be detained will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.  Such a hearing may also be held if there is a serious

risk that the person sought to be detained will flee.  At the hearing, it is the task of the presiding judicial officer to determine whether any condition or combination of conditions of release "will reasonably assure the appearance of the person as required and the safety of any other person and the community...."

Following the hearing, "if the judicial officer determines that no such conditions exists, such judicial officer shall order the detention of the person before trial."  Id.  If detention is based upon a finding that no condition or combination of conditions will reasonably assure the safety of any other person in the community, such a finding must be supported by clear and convincing evidence. Proof that the person sought to be detained is a serious risk of flight must be by a preponderance of the evidence.

18 U.S.C. §3142(g) requires the judicial officer to consider available information concerning (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.  See, e.g., United States v. Arvanitis, 667 F. Supp. 693 (N.D.Ill. 1987).  Detention may be ordered based upon a finding that the defendant is likely to continue to engage in criminal activity which poses a threat either to the community or to the safety of particular persons, and such circumstances are not limited to proof that the defendant poses a serious risk either to obstruct justice or to intimidate or injure a prospective witness or juror.  See, e.g., United States v. Daniels, 772 F.2d 382 (7th Cir. 1985); United States v.

2

Yeaple, 605 F.Supp. 85 (M.D.Pa. 1985).

According to the Pretrial Services Report, the defendant is a Jordanian citizen and has resided in the United States for approximately three years.  He is legally in this country.  He has resided with his father and his stepmother since coming to the United States.  His stepmother indicated she would be willing to have him continue to reside with the family, under electronic monitoring if necessary.  The defendant's mother lives in Jordan as do five of his siblings.

Since coming to the United States, the defendant attended high school and is attempting to pass a proficiency test which would permit him to obtain a diploma.  He has worked at his father's business, a market, and reported to Pretrial Services that he purchased a market in Columbus for $185,000.  He did not provide any information about the source of these funds.

The defendant has had some contact with the criminal justice system since arriving here.  He was convicted of felonious assault as a juvenile and has had some traffic convictions since he became an adult.  The indictment provides probable cause to believe that he was involved in the stolen property conspiracy case in which his father is also a defendant.

There is a concern about flight any time a foreign citizen is arrested and charged with an offense in the United States for which jail time is available.  That risk is heightened by the absence of an extradition treaty with the defendant's country of origin.  The Court must consider a variety of factors set forth in the Bail Reform Act to determine whether the United States has proved by a preponderance of the evidence that this risk of flight cannot be offset by conditions of release.

In this case, the only release conditions which would appear viable would be electronic monitoring and a directive to the defendant that he leave neither the country nor Franklin County.

While those conditions would create a legal obligation on the defendant's part to remain in the United States, he would still have available to him a variety of ways in which to leave the country.  He has family in Jordan and apparently access to unknown sources of funds.  His ties to this community are relatively weak, consisting of residence for slightly in excess of three years and one parent and a brother.  Unlike other defendants in this case, he does not appear to have made any strides towards obtaining United States' citizenship, nor does he have verifiable business interests in this country which would be an incentive for him to remain here.  He is likely facing deportation if convicted.  Although the Court concluded that two of the co-defendants had sufficient family or business ties in the United States to make their release on conditions appropriate, the same simply cannot be said of this defendant.  Given the strong risk of flight and the absence of any meaningful conditions which would tie the defendant to either this jurisdiction or to the United States in general, the Court concludes that the United States demonstrated by a preponderance of the evidence that an unaddressable risk of flight exists here.  Consequently, the defendant is ordered detained without bond pending further proceedings.

　　The defendant is advised of his right to seek review of this Order by a United States District Judge pursuant to 18 U.S.C. §3145(b).

　　　　　　　　　　　　　　　　　　/s/ Terence P. Kemp
　　　　　　　　　　　　　　　　　　United States Magistrate Judge